IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SOBOBA BAND OF LUISENO INDIANS, )
)
Plaintiff, )
)
v. ) Case No. 06cv00894
) Judge Nancy Firestone
THE UNITED STATES OF AMERICA, )
)
Defendant. )
)

**JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND PROPOSED ORDER**

On November 26, 2007, the parties filed a joint status report and motion, in which they requested that the temporary stay of litigation be extended by ninety (90) days, or to and until February 25, 2008, during which time the stay of Defendant's obligation to file its Answer or otherwise respond to the Complaint and of the parties' mutual obligations to prepare and submit a joint preliminary status report ("JPSR") and to plan and move forward with the litigation of the case, including formal discovery, would be continued until after the expiration of the stay. The parties made their request for relief so that they could continue their discussions and exploration about the possibility of settlement and their informal document and data production efforts. On November 28, 2007, the Court issued an Order, granting in part and denying in part the joint request, and extended the stay of the proceedings only until December 26, 2007. The Court stated, "Unless significant progress is made towards a final resolution, the parties should be prepared to move forward with the litigation at the conclusion of the temporary stay." Id.

The parties believe that, since November 26, 2007, Defendant has made significant progress towards a final resolution of the issues and claims presented by Plaintiff in this case. In particular, the United States Department of the Interior ("Interior"), specifically, the Office of

Historical Trust Accounting ("OHTA"), has worked with its accounting consultants, conducted supplemental analyses based on the data, documentation, and results of the Tribal trust fund reconciliation project for Plaintiff, reviewed the outcome of the additional calculations, and formulated a proposed settlement position. The Interior Department is currently in the process of discussing and evaluating this settlement position with the appropriate officials and staffers in the agency (including the Office of the Special Trustee for American Indians ("OST") and the Solicitor's Office) and with undersigned counsel for Defendant. After Interior has finalized its settlement position, Defendant's counsel will undertake to vet the proposed settlement position with superiors at the United States Department of Justice ("DOJ"), as well as with the requisite officials and staffers at the United States Department of the Treasury ("Treasury"). Once the agencies have completed their review and approval processes, Defendant's counsel will be able to confer with Plaintiff's counsel about Defendant's settlement response.

Defendant has been and continues to be working industriously to complete the foregoing agency evaluation and review processes in as expedited a manner as possible. Nonetheless, it has not been able to finish its work as it had hoped or planned. Defendant's counsel has been and continues to be busy with other unrelated litigation, including the defense of two other Tribal trust cases in this Court. Further, the Interior Department officials and staffers involved in the analyses, review, and determination of the proposed settlement position (including the Interior Department Solicitor's Office attorney assigned to this case) have been preoccupied with (or unavailable because of) other work and business-related travel. Additionally, the seasonal holidays and personal leave have had an impact on the availability of the agency officials and staffers. Currently, Defendant believes that it should be prepared to conduct a settlement

discussion with Plaintiff in the second part of January, 2008. At this juncture, Defendant is unable to determine the amount of time necessary for the parties to complete their settlement discussions successfully. Assuming that the parties are able to do so expeditiously, Defendant expects that it probably will take the parties at least 60 to 90 days to negotiate and draft the requisite settlement agreement papers and to seek and obtain the reviews and approvals of Plaintiff's Tribal leadership and of the officials with the requisite power and authority in DOJ, as well as the support and concurrence of the Interior and Treasury Departments.

Given the foregoing progress made by Defendant to date and the schedules as described above, the parties jointly and respectfully request that the Court extend the temporary stay of litigation by another 90 days, or to and including March 25, 2008, so that the parties can continue and complete their settlement discussions. Further, they request that they be permitted to submit another joint status report to the Court on or before March 25, advising the Court of their progress and proposing next steps for the Court's consideration.

In the event that the Court does not deem it appropriate and desirable to extend the temporary stay of litigation, however, the parties jointly and respectfully request that the Court extend the deadline for Defendant to file its Answer in this case, to and including January 15, 2008. Defendant's counsel has been and continues to be working diligently on drafting and revising the Answer for filing. Nevertheless, because of competing demands in other assigned cases, and the need for additional consultations with the agency counsel and staffers involved in the preparation of the Answer, Defendant's counsel has not been able to finish the pleading and submit it for further or final review and approval by DOJ, Interior, and Treasury Departments for filing.

The granting of this joint motion (including the request for alternative relief) does not cause prejudice or injury to the rights and interests of the parties in this case. Rather, it promotes the goals of judicial efficiency and conservation of the parties' limited resources. Further, it enables the parties to focus their efforts and energies on the settlement discussion process and determine whether and how it can be completed successfully. Additionally, it enables Defendant to prepare, vet, finalize, and submit to the Court a pleading that sets forth adequately Defendant's responses to the factual and legal allegations in the Complaint. On the other hand, the denial of the joint motion will launch the parties into formal litigation that may not be necessary if the parties are able to resolve Plaintiff's issues and claims during their settlement discussion process. Further, the denial of the joint motion or the request for alternative relief will result in submission of an Answer that requires further agency review. In the parties' view, such outcomes would not be in the public interest or in service of the goals of judicial efficiency and resource conservation.

Respectfully submitted this 26th day of December, 2007,

RONALD J. TENPAS
Assistant Attorney General

*s/ Thomas E. Luebben, by Daniel G. Steele*
*pursuant to written authorization*
THOMAS E. LUEBBEN
Luebben, Johnson & Barnhouse, LLP
7424 4th Street, N.W.
Los Ranchos de Albuquerque, NM 87107
Tel: (505) 842-6123
Fax: (505) 842-6124
Fax: (202) 353-2021

Attorney of Record for Plaintiff

*s/ Daniel G. Steele*
DANIEL G. STEELE
United States Department of Justice
Environment and Natural Resources Div.
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0484
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

SAMUEL HOUGH
Luebben, Johnson & Barnhouse, LLP
7424 4th Street, N.W.
Albuquerque, NM 87107
Tel: (505) 842-6123
Fax: (505) 842-6124

OF COUNSEL:

MICHAEL BIANCO
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227