IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOBOBA BAND OF LUISENO INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-cv-00894<br>Judge Firestone |

**JOINT STATUS REPORT AND MOTION FOR EXTENSION OF TEMPORARY STAY**

On December 26, 2008, the parties filed a Joint Status Report ("JSR") in which they requested that the current stay of litigation be extended by ninety (90) days, until March 25, 2008, during which time Defendant's obligation to file its Answer or otherwise respond to the Complaint, and the parties' mutual obligations to prepare and submit a joint preliminary status report ("JPSR") and to plan and move forward with formal discovery once the Answer has been filed, would be deferred until after the expiration of the requested relief. The parties requested the proposed relief so that they could continue their discussions about the possibility of settlement and their informal document and data exchange efforts. The Defendant communicated a monetary settlement offer to the Plaintiff on January 8, 2008, which the Plaintiff is considering. On January 10, 2008, following a telephone status conference, the Court issued an Order granting the requested relief, staying the proceedings until March 25, 2008.

Since January 10, 2008, the Plaintiff negotiated with its original accountant retained for this matter over the cost of analyzing the settlement offer made by the Defendant. The plaintiff and its former accountant were unable to reach an agreement

and the Plaintiff retained a new accountant, Jim Parris CPA, on March 21, 2008. Mr. Parris expects to conclude his preliminary analysis of the offer by the second week of April. However, this deadline is premised on the receipt by the Plaintiff of additional discovery from the Defendant.

The parties have been engaged in informal discovery. Since January 10, 2008, the parties worked together to provide the Plaintiff with a complete Concordance Database, including the 1972-1992 Arthur Andersen Tribal Reconciliation Project report and the 1993-1995 Finance System gap years. The only item that remains outstanding for the Concordance Database is the password for the “help” files. The Defendant also provided the Plaintiff with copies of Office of Special Trustee account statements for the period 1995 through 2007.

On March 18, 2008, after consulting with Mr. Parris, the Plaintiff sent an additional request for informal discovery by regular mail and email to Defendant’s counsel. The letter requested, among other things, an automated database referred to as the Common Data Set. The Common Data Set is needed by Mr. Parris so that he can provide a preliminary analysis of the settlement offer.

While working on obtaining an analysis of the settlement proposal and actively engaging in informal discovery, the Plaintiff additionally requested a proposed settlement agreement from the Defendant on January 23, 2008. The Plaintiff requested the proposed settlement agreement so that the material terms of the settlement, in addition to the monetary amount, could be reviewed and negotiated while informal discovery and an analysis of the monetary settlement proposal is conducted. The parties have reached preliminary consensus that the settlement offer and agreement

will be based upon the trust accounts covered by the Arthur Andersen report and the time period from 1972 through the present. Defendant's counsel represented that he would begin work on a proposed settlement agreement which the Defendant will transmit to Plaintiff in the next 30 days.

At this juncture, Plaintiff and Defendant are unable to determine the exact amount of time necessary for the parties to complete their settlement discussions successfully. Assuming that the parties are able to do so expeditiously, requisite settlement authorizations from the Tribe and the United States will require an estimated 60 to 90 days.

The parties, therefore jointly propose that they be allowed until June 25, 2008, to complete the settlement process before the current stay of proceedings expires. While, as in any litigation, counsel cannot assure a settlement of the case, both undersigned counsel believe that the proposed settlement schedule will afford the parties the opportunity they will need to thoroughly perform essential work toward a possible settlement of the Plaintiff's claims. The Plaintiff recognizes that work toward settlement is of the essence and does not oppose the Defendant's request to postpone the obligation of the Defendant to answer the complaint for the period of the requested stay or until counsel report back to the Court on the status of settlement discussions.

Dated this 25th day of March, 2008.

*/s/ Daniel G. Steel for*
*Thomas E. Luebben by written*
*authorization*
THOMAS E. LUEBBEN
7424 4th Street NW
Los Ranchos de Albuquerque, NM
87107
Tel: (505) 842-6123
Fax: (505) 842-6124

Attorney of Record for Plaintiff

*/s/ Daniel G. Steele*
DANIEL G. STEELE
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0484
Fax: (202) 353-2021

Attorney of Record for Defendant