IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SOBOBA BAND OF LUISENO INDIANS, )
)
Plaintiff, )
)
v. ) Case No. 06cv00894
) Judge Nancy Firestone
THE UNITED STATES OF AMERICA, )
)
Defendant. )
)

**JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND PROPOSED ORDER**

On March 25, 2008, the parties filed a joint status report ("JSR") and motion, in which they requested that the temporary stay of litigation be extended by ninety (90) days, or to and until June 25, 2008, during which time the stay of Defendant's obligation to file its Answer or otherwise respond to the Complaint and of the parties' mutual obligations to prepare and submit a joint preliminary status report ("JPSR") and to plan and move forward with the litigation of the case, including formal discovery, would be continued until after the expiration of the stay. As reported in the JSR of March 25, 2008, the parties sought the requested relief so that they could continue their discussions about the possibility of settlement and their informal document and data exchange efforts pursuant to the Defendant's monetary settlement offer to the Plaintiff on January 8, 2008. On March 28, 2008, the Court issued an Order granting the requested relief, staying proceedings until June 25, 2008.

Since March 25, 2008, the Plaintiff's accountant has worked on a preliminary analysis of the Government's offer. However, before the work can be finalized the Plaintiff is in need of additional discovery from the Defendant. In this regard, the parties continue to cooperate in informal discovery efforts. Since January 10, 2008, the Plaintiff has received a complete

concordance Database, including the 1972-1992 Arthur Andersen Tribal reconciliation Project Report, the 1993-1995 Finance System report for “gap years”, the Concordance Database password for the “help” files, copies of the Office of Special Trustee account statements for the period 1995 through 2007, and the Treasury data for the period 1884 through 2000.

As reported in the parties’ March 25, 2008 JSR, on March 19, 2008, the Plaintiff sent Defendant a request for additional informal discovery which requested, among other things, an automated database referred to as the “Common Data Set” which is needed to prepare a preliminary analysis of the settlement offer. The March 19, 2008 letter also requested that Defendant provide Plaintiff with Tribal IIM accounts data. The latter data was forwarded to Plaintiff’s counsel on June 24, 2008, via a next day delivery service. Defendant expected as recently as yesterday to forward the Common Data Set by a next day delivery service on June 25, 2008. However, Defendant’s counsel learned this morning that the the Office of Historical Trust Accounting (“OHTA”) will not be able to accomplish the necessary work to provide the plaintiff with this data until July 11, 2008. Although Plaintiff requested this information in March, numerous other tribal trust Plaintiffs had submitted requests before that time and the parties were required to wait their turn to receive the OHTA-generated information. The most recent unexpected delay of 16 days was precipitated by OHTA’s need to divert work efforts over the last several weeks to 37 tribal trust fund cases in which record retention orders must be filed in various courts.

As reported in the March 25, 2008 JSR, Plaintiff has also requested Defendant to draft a proposed settlement agreement so that the material terms of the settlement, in addition to the monetary amount, could be considered while informal discovery and analysis of the monetary

settlement amount is being considered. Defendant had stated in that JSR that counsel would begin that effort, however, back-to-back substantive briefing schedules in three other cases since March has prevented Defendant's counsel from accomplishing that task. Defendant pledges to renew that effort as soon as two other court deadlines in those briefing schedules are met in mid July, 2008. The parties' objectives in this regard are to finalize any necessary settlement documents so that the requisite authorizations can be sought in an expeditious manner if the parties are able to agree on a compromise settlement.

Based on continuing progress, documented above, the parties jointly propose that they be allowed until September 25, 2008, a continuing stay of 90 days, to complete the settlement process. While, as in any litigation, counsel cannot at this point assure settlement of the case, both undersigned counsel continue to believe that with the necessary data and other information almost in place, the proposed schedule will afford the parties the opportunity to complete essential work toward a settlement of the Plaintiff's claims. Further, Plaintiff does not oppose Defendant's request to postpone the obligation to answer the complaint for the period of the additional requested stay or until counsel report back to the Court on the status of settlement discussions.

Respectfully submitted this 25th day of June 2008,

*s/ Thomas E. Luebben, by Daniel G. Steele*
*pursuant to written authorization*
THOMAS E. LUEBBEN
Luebben, Johnson & Barnhouse, LLP
7424 4th Street, N.W.
Los Ranchos de Albuquerque, NM 87107
Tel: (505) 842-6123
Fax: (505) 842-6124

Attorney of Record for Plaintiff

OF COUNSEL:

SAMUEL HOUGH
Luebben, Johnson & Barnhouse, LLP
7424 4th Street, N.W.
Albuquerque, NM 87107
Tel: (505) 842-6123
Fax: (505) 842-6124

RONALD J. TENPAS
Assistant Attorney General

*s/ Daniel G. Steele*
DANIEL G. STEELE
United States Department of Justice
Environment and Natural Resources Div.
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0484
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

MICHAEL BIANCO
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227